

FILED
HARRISBURG, PA

MAR 2 6 2019

PER_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## AT HARRISBURG

Robert D. Kline,                          )
                                          )
            Plaintiff                     )
                                          )   Civil Action No. 1:19-cv-00437-
                                          )    YK-KM
                                          )
Advanced Insurance Underwriters, )
LLC, Jason Wyman and Marilyn E. )
Morello,                                  )   JURY TRIAL DEMANDED
            Defendants.                   )

## PLAINTIFF'S FIRST AMENDED COMPLAINT IN RESPONSE TO DEFENDANTS' RULE 12(B) MOTION

Plaintiff ROBERT D. KLINE brings this action for damages, restitution, statutory damages, punitive damages, sanctions, interest, and court costs pursuant to Federal Statute 47 U.S.C. 227 et seq. ("TCPA") and 47 C.F.R. 64 et seq. for the ultra vires illegal actions and deliberate and knowing tortuous activity of ADVANCED

1

INSURANCE UNDERWRITERS, LLC, JASON WYMAN, individually and as member of Advanced Insurance Underwriters, LLC and MARILYN E. MORELLO, individually and as employee, agent, servant of Advanced Insurance Underwriters, LLC to include their subcontractor(s), if any who are unknown at this time for negligently and/or willfully contacting Plaintiff via Plaintiff's cell phone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system, in violation of the Telephone Consumer Protection Act, 47 U.S. C. § 227 et seq. (TCPA) and related claims that form part of the same claim or controversy.   Plaintiff demands a trial by jury, and complains and alleges as follows:

## I. __INTRODUCTION__

1. Upon information and belief Plaintiff believes that Defendant Advanced Insurance Underwriters, LLC ("Advanced") is a company located in Florida and incorporated in that state that is in the business of marketing and selling, inter alia, various insurance products to individuals throughout Pennsylvania as well as other stated in the US. Its registered agent addressed for service of process is located at 3250 N. 29th Ave., Hollywood, FL 33020.

2. Plaintiff brings this action to challenge Advance's practices in

2

the telephone solicitation of their products and services. Specifically, Plaintiff challenges Advance's and their agents, servants, subcontractors and employees illegal telephone solicitations by which they market their products and services, illegal calls made using an automatic telephone dialing system and robo calls, as well as their failure to maintain a Do-Not-Call policy or list in connection therewith. Plaintiff also makes claims for trespass to chattels for the illegal use of his cellular telephone.

3. All of the claims asserted herein arise out of Advance's illegal telephone solicitation campaign and are a common fact pattern.

## JURISDICTION AND VENUE

4.   This matter has been removed by Defendants from Mifflin County Court of Common Pleas and also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in Mifflin County, Pennsylvania  which lies within this judicial district, pursuant to 28 U.S.C. §118(b).  Plaintiff received the phone calls to a 570-area

code number, which is used in this judicial district and, thus, they have intentionally availed themselves to jurisdiction in this Commonwealth.   Plaintiff avers that Defendants, by the doing of a single act in  this  Commonwealth of Pennsylvania for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts, such as selling insurance, have therefore voluntarily availed themselves to the privileges of doing business in the Commonwealth of Pennsylvania and is therefore subject to the jurisdiction of Pennsylvania courts as per 42 Pa. C. S. A. 5301 et seq.   Plaintiff further states that Defendants by violating the TCPA in their calls to the Plaintiff have caused harm or a tortuous injury in the Commonwealth of Pennsylvania by an act or omission outside this Commonwealth as per 42 Pa. C. S. A. 5301 et seq. Defendants have engaged in illegal telemarketing in their attempts to contract to supply services of insurance in the Commonwealth of Pennsylvania to Plaintiff and are therefore subject to jurisdiction here as per 42 Pa. C. S. A. 5301 et seq.   Given the repetitive calls made to Plaintiff, each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely availed themselves of the markets in this District.

4

Also, see *Lary v. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent...; it occurred when the [facsimile] was received." Facsimile messages, text messages and phone calls that are described here are treated as violations under the TCPA.

## II. **Parties**

6. Plaintiff is an individual who received the alleged phone calls on his private cellular telephone line mentioned herein. Plaintiff is an adult individual and a citizen of the Commonwealth of Pennsylvania who may be mailed at 2256 Fairview Road, McClure, PA 17841.

7. Defendant Advanced is a company located in Florida and incorporated in that state. Upon information and belief Defendant Advanced markets and sells, inter alia, various health insurance products to individuals in Pennsylvania and other states in the US. Its registered agent addressed for service of process is located at 3250 N. 29th Ave., Hollywood, FL 33020.

8. Defendant Jason Wyman ("Wyman") is an adult individual who is the principal or managing member of Advanced. Upon knowledge

and belief Wyman is the primary individual who reaps the benefit of the tortuous and illegal conduct described herein that is technically carried our on in the name of Advance.  Such tortuous and ultra vires conduct exceeds the permissible actions of corporations and LLC's in Pennsylvania and Florida.

9.  Defendant   Marilyn E. Morello ("Morello") was an agent, employee or acting as a joint venture with the other Defendants in doing the acts alleged herein.  Plaintiff believes that each Defendant had actual and/or constructive knowledge of each of the other Defendant, and ratified, approved, joined in acquiesced and/or authorized the wrongful acts of each co-Defendant(s), and/or retained the benefits of said wrongful acts.

10.   Upon information and belief the Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants, in committing the wrongful acts alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants  acted within an awareness of its primary wrongdoing and realized that its conduct would  substantially  assist  the  accomplishment  of  the

wrongful conduct, wrongful goals, and wrongdoing.

11.   At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and with others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

12.   The TCPA imposes personal liability on individuals who participate in or commission illegal telemarketing calls.

13. Under the TCPA, an individual such as Wyman or Morello may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. §217, the Communications Act of 1934, as amended, of which the TCPA is a part, which read, inter alia: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure or such carrier or user, *as well as of the person.*" 47 U.S.C. §217 (emphasis added).

14. When considering individual officer liability, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA.  See, e.g., *Jackson v. Five*

*Star Catering, Inc. v. Beason,* 2013 U. S. Dist. LEXIS 159985, *10(E.D. Mich., Nov. 8, 2013), which states that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the state.'"   See also *Maryland v. Universal Elections*, 787 F. Supp. 2s. 408, 415-16 (D. Md. 2011, stating that 'If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

15. Defendants Wyman and Morello are personally liable under the "participation theory" of liability because Wyman is the controlling manager of Advance and Morello was conspiratorial agent who received the phone calls from the lead generation agent.   Plaintiff avers that spoof numbers were used to protect the real number of the Advance and thus their location in order that their operation could survive, yet could probably be immune from plaintiffs who would pursue them for TCPA violations..   Furthermore, Wyman, being a supervisor/manager is personally liable because he is or should be personally responsible for ensuring company employees TCPA compliance.

## III.  **Factual Allegations**

16.  On or about April or May, 2017, Plaintiff received the first of numerous calls which later discovery will reveal which were made using an automatic telephone dialing system ("ATDS"), or robocall equipment made by an entity that identified themselves as Health Registration Center ("Center"). Although the aforementioned name is probably purely fictitious and not thus not registered to do business in a fictitious name, Plaintiff believes that the aforementioned entity and agents that called him using that name were "lead generation agents" and/or subcontractors or associates of the Defendants as will be explained herein. These calls were made to Plaintiff's personal cellular telephone number, 570-658-3448.   Plaintiff had not consented to this solicitation at any time, and Plaintiff's telephone number was registered on the Federal Do-Not-Call Registry.

17. Most times when the Plaintiff was called by Center the cell phone display indicated they were calling from numbers bearing the area code 570 which is the phone district area code wherein the Plaintiff resides and is the same area code as the first three digits of his cellular phone number.  Although the Defendants in this lawsuit

are from Florida, telemarketers often use a district area code of the area in which the prospect resides, rather than their own, since it is more likely to cause a prospect to answer the phone to find out who is calling.

18.   When Plaintiff answered the calls referenced herein each time he heard "dead air" or silence for a few seconds after which he heard an electronic "blip" before a live agent began speaking about health insurance.  Generally, in telemarketing operations there is are lead generation agents who are the first level people that call thousands of people with their ATDS and robo systems that generate dead air because all the calls cannot be answered by the agent. The electronic blips occur when the calling agent answers the phone and speaks to the prospect, such as the Plaintiff.

19.   When Plaintiff asked who was calling each time he was called in this matter the agent indicated that it was Center and Plaintiff, already being part of Medicare system, told the agents he did not need any health insurance and not to call.  After a few calls over a period of a few days it was apparent that Center would not cease their calling Plaintiff and thus the annoyance and disruption that accompanied the calls would continue.

20. Plaintiff, after receiving more calls from Center, began to realize that they were not going to honor his request not to call. Accordingly he endeavored to investigate Center, but, since Plaintiff is generally in a weak reception area, the reception of the cell phone would diminish and was generally insufficient to carry on a conversation needed to complete an in depth trace as to where Center was located and who might be the second level marketing entity, which is normally a insurance agent with in-depth knowledge of insurance for a registered insurance agency such as Defendants.

21. At various times Plaintiff requested the Do Not Call policy of the Health Registration Center and asked them questions about their "Neustar" scrubbed cell phone list, but based on the conversations, it was evident that the people calling the Plaintiff had no idea what it was.

22. Often times Plaintiff, in pursuit of investigation, attempted to call the number of the Health Registration Center that had previously called him, but discovered that the numbers that were displayed on Plaintiff's phone were "spoof" numbers and could not be called which is indicative of an entity that is trying to conceal their whereabouts and real identity so

as to avoid prosecution for their illegal activities.

23. On June 6, 2017, Plaintiff received another ATDS phone call on his cellular phone at 4:10 PM relating to health insurance from an agent who identified herself as Erica of the Health Registration Center. The phone displayed the number 570-981-0348 which was later verified as a spoof number. The phone reception was sufficient on this date that Plaintiff answered her questions relating to health insurance in sufficient detail that she transferred him to Defendant Morello who indicated that she could sell insurance to Plaintiff. In the Plaintiff's experience it has always been the case that all  second level insurance telemarketers are able to sell insurance to a prospect, whether licensed in the Commonwealth of Pennsylvania or not, by transferring the call to yet another agent who is licensed.

24. After the phone conversation terminated with Defendant Morello, Plaintiff researched her to find out details and he discovered that she was part of the organization with the other Defendants in this lawsuit. Plaintiff avers that Defendants have direct relationship with Center and therefore have vicarious liability for the illegal, ultra vires activities that related to telemarketing directed toward Plaintiff.

25. The TCPA makes it unlawful "to make any call (other than a

çall made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone service...or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private cellular telephone line.

26. The TCPA provides a private cause of action to person who receive calls in violation of 47 U.S.C. §227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

27. The TCPA provides a private cause of action to person who receive calls in violation of any of the implementing regulations codified in 47 C.F.R. 64.1200. *See* 47 U.S.C. § 227(c)(5).

28. Plaintiff was harmed by the calls described herein as he was temporarily deprived of legitimate use of his phone because his phone line was tied up, it depleted minutes from his calling plan, he wasted energy and stress in answering a call, his telephone batteries and electricity were depleted, and his privacy was improperly invaded. Moreover, the calls injured Plaintiff because they were

frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff as well as interfered with the work he was doing.

29.   The telephone solicitations constituted "calls" under the TCPA that were not made for emergency purposes.   Defendant Advance is a person "person" as defined by 47 U. S. C. §153(39).

30. Plaintiff did not provide any one, more, or all Defendant, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal cell telephone that utilized an "automatic dialing system" or any system that had the capacity to dial automatically or otherwise to transmit a message or make calls.

31.   As a point of fact, to the extent that "consent" was supplied during the calls, that was done in order to discover the identity of the caller and for no other reason.   Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of

the telemarketing call.... As the FCC has stated, the consent must be made before the call."

32. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

33. The telephone Sales Calls identified herein therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 C.F.R. 64.1200(d)(1), 47 C.F.R. 64.1200(d)(3), 47 C.F.R. 64.1200(a)(1)(iii), 47 C.F.R. 64.1200(a)(1), 47 C.F.R. 64.1200(c)(2) as well as the common law of trespass to chattels.

## IV.  Causes of Action

### First Cause of Action
(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

34. Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraph above.

35. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. §227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B)

## Second Cause of Action
(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

36.  Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraph above.

37.   As a result of Defendants' and Defendants' agents knowing and/or willful  violations of 47 U.S.C. §227(b)(1)(A),Plaintiff seeks for himself treble damages, as provided by statute, up to $1500.00 for each and every violation, pursuant to 47 U.S. C. §227(b)(3).

## Third Cause of Action
(Negligent Violation of TCPA "Sales Call/DNC" Prohibition,
47 U.S.C. §227 et seq.)

38.  Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraph above.

39. As a result of Defendants' and Defendants' agents negligent violation of 47 U.S.C. §227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500.00 statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

## Fourth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

40. Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraph above.

41. As a result of Defendant' and Defendants' agents willful violation of 47 U.S.C. §227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)

**Fifth Cause of Action**
(Negligent Violation of the TCPA "Do-Not-Call Policy"
Requirement, 47 C.F.R. 64.1200 et seq.)

42. Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraph above.

43. As a result of Defendants' and Defendants' agents negligent violation of 47 C.F.R. 64.1200(d)(1), Plaintiff seeks for himself $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**Sixth Cause of Action**
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement 47 C.F.R. 64.1200 et seq.)

48. Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraphs above.

49. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 C.F.R. 64.1200(d)(1), Plaintiff seeks for himself treble damages, as implied, up to $1500.00 for each and

every violation, pursuant to 47 U.S.C. § 227(c)(5).

## Seventh Cause of Action
(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 C.F.R. 64.1200 et seq.)

50.   Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraphs above.

51. As a result of Defendants' and Defendants' agents negligent violations of 47 C.F.R. 64.1200(d)(3), Plaintiff seeks for himself $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## Eighth Cause of Action
(Knowing and/or Willful Violation of the TCPA "Do-Not-Call List" Requirement, 47 C.F.R. 64.1200 et seq.)

52.   Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraphs above.

53. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 C.F.R. 64.1200(d)(3), Plaintiff seeks for himself treble damages, as implied, up to $1500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## Ninth Cause of Action
(Trespass to chattels)

54.  Plaintiff incorporates and realleges, as though fully set forth here, each of the paragraphs above.

55.  As a result of Defendants' and Defendants' agent's illegal calls to Plaintiff's cell phone, his battery capacity was diminished as well as the phones memory.  Plaintiff was also denied use of the phone at the times he received calls from the Defendants and this agents.

56. As a result of Defendants' and Defendants' agents violations of the TCPA Plaintiff seeks for himself $1.00 damages for each Sales Call made to his cellular telephone under the theory of trespass to chattels to be determined after discovery is completed.

## v. Prayer for Relief

WHEREFORE, Plaintiff prays for relief against all Defendants, and each of them as follows:

1.  For awards of $500.00 for each negligent violation as set forth herein to include those that were generally referred to in this Complaint to be specifically identified after discovery is completed, but not less than $500.00 for the call that is specifically identified herein;

19

2. For awards of $1500.00 for each knowing/willful violation as set forth herein to include those that were generally referred to in this Complaint to be specifically identified after discovery is completed, but not less than $500.00 for the call that is specifically identified herein;

3. Punitive damages to punish Defendant for their willful, illegal, and deliberate tortuous conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortuous conduct, but not to exceed $100,000.00;

4. An award of $1.00 for the call that is identified herein to compensate for the trespass to chattels suffered by Plaintiff;

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. Such other and further relief as the Court deems proper.

## VI. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: March 25, 2019

Robert D. Kline
Plaintiff pro se
2256 Fairview Road
McClure, PA 17841
Phone 570-658-3448
rob@eawireless.net

## CERTIFICATE OF SERVICE

On March 25, 2019, I Robert D. Kline, Plaintiff herein served a copy of "Plaintiff's First Amended Complaint in Response to Defendant's Rule 12(b) Motion" on Defendants and their attorneys listed below via U. S. Mail postage paid first class:

Advanced Insurance Underwriters, LLC c/o
Jason Wyman
3250 N. 29th Ave.
Hollywood, FL 33020

Jason Wyman
3250 N. 29th Ave.
Hollywood, FL 33020

Marilyn E. Morello
2320 NE 137 St.
North Miami Beach, FL 33181

On their attorney's as addressed as follows:

Timothy A. Schoonover, Esq.
330 Innovation Blvd. Ste 202
State College, PA 16803

Leonard Fornella, Esq.
Two Gateway Center
Sixth Floor
Pittsburgh, PA 15222

Robert D. Kline pro se - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

2256 Fairview Road
McClure, PA 17841
March 25, 2019

Clerk of Court
U.S. District Court, M.D. Pa.
Federal Bldg. & U.S. Courthouse
228 Walnut Street
9th Floor
Harrisburg, PA  17108

FILED
HARRISBURG, PA

MAR 2 6 2019

PER

DEPUTY CLERK

RE:  Filing of plaintiff's amended complaint

Dear Sir or Madam:

Enclosed please find an original of "Plaintiff's First Amended Complaint in
Response to Defendant's Rule 12(b) Motion".  Please file this document and
retrung in the postage paid envelope I have provided.

Thanks for your attention to this matter and feel free to call me with any concerns
relating to this document.

Respectfully,

Robert D. Kline – pro se
570-658-3448
rob@eawireless.net



Rob Kline
2256 Fairview Rd
McClure PA 17841

RECEIVED
HARRISBURG, PA

MAR 2 6 2019

Per _____
Deputy Clerk